IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARION PUSHIA,                              *
    Plaintiff

                                         *
         v.                                   CIVIL ACTION NO. WMN-10-1810
                                         *
BERT W. KAPINUS,
    Defendants                         *
                                      ******

## **MEMORANDUM**

Seeking compensatory damages, Plaintiff, presently incarcerated in the North Branch Correctional Institution in Cumberland, Maryland, filed suit against privately retained attorney Bert W. Kapinus. Plaintiff alleges that Kapinus committed legal malpractice when he failed to timely file a tort complaint on behalf of Plaintiff relative to a slip and fall. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) which shall be granted pursuant to 28 U.S.C. § 1915(a). Upon review of the Complaint, this Court concludes that it is subject to dismissal under the provisions of 28 U.S.C. § 1915(e), for reasons set forth herein.

Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant Kapinus, a privately retained attorney, was acting under color of law the claims against him are subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Plaintiff is advised that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e) or under F.R.Civ.P. 12(b)(6).[1]  A separate Order shall be entered in accordance with this memorandum.

/s/

 7/14/10
(Date)

William M. Nickerson
United States District Judge

---

[1] *See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1996*, § 804(d), which amends 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.